**THE GREEN LAW GROUP, LLP**
Scott Thomas Green, SBN 82220
   SCOTT@THEGREENLAWGROUP.COM
Kirk Rodby, SBN 243038
   KIRK@THEGREENLAWGROUP.COM
1777 E. Los Angeles Avenue
Simi Valley, California 93065
Tel: (805) 306-1100; Fax: (805) 306-1300

Attorneys for Plaintiff, RENEE GAMBLE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| RENEE GAMBLE,<br><br>          Plaintiff,<br><br>v.<br><br>AEG HOLDCO, LLC, a Delaware limited liability company dba AMERICAN ENVIRONMENTAL GROUP; MCLARENS, LLC, a Georgia limited liability company; MCMILLAN ENTERPRISES, a California corporation dba EXPRESS EMPLOYMENT PROFESSIONALS; EXPRESS SERVICES, INC., a Colorado corporation; and DOES 1 through 50, inclusive;<br><br>          Defendants. | **Case No.: 21VECV01290**<br><br>UNLIMITED JURISDICTION<br><br>**PLAINTIFF'S MANDATORY SETTLEMENT CONFERENCE STATEMENT**<br><br>      ***NON-CONFIDENTIAL***<br><br>**MSC**<br>**DATE:**      **April 7, 2023**<br>**TIME:**      **1:30 p.m.**<br>            **(formerly 9:00 am)**<br>**DEPT:**      **B**<br><br><br>Assigned to:  Hon. Huey P. Cotton<br>Dept:         A<br><br>Complaint Filed:    9/27/2021<br>Trial Date:        TBD |

## I.    INTRODUCTION

In or about October, 2020, Plaintiff Renee Gamble ("Gamble") began working for Express Services, Inc. ("Express"), a company specializing in temporary employment, and an Express franchise called McMillan Enterprises ("McMillan") operating out of Thousand Oaks, CA. Plaintiff was then assigned by Express and McMillan to work at AEG Holdco, LLC, dba American Environmental Group ("AEG") in Westlake, CA, a company that performs asbestos removal, as a collections specialist.

Plaintiff mastered the position quickly, and was told by her supervisor in or about January of 2021 that she was a "top performer" in terms of revenue brought into the company.  AEG then expressed interest in bringing Plaintiff on as a permanent employee, and Plaintiff expressed interest in the permanent position.  The two parties entered into preliminary negotiations regarding salary.

Sometime in January or February of 2021, Defendant AEG obtained a background check on Plaintiff.  AEG Human Resources Director Sally Litman subsequently began to question Gamble as to why the last name "Bagumyan" also appeared on that background check, and also asked about Gamble's ethnic background.  Gamble explained that she is of Armenian descent, and that she changed her name to Gamble after getting married.

At this point, AEG's positive disposition toward Plaintiff changed dramatically.  Rather than finalize the terms of employment, Ms. Litman continued to query Plaintiff about her salary demands, using dismissive language such as "you wouldn't want to work for $24 an hour, would you?"  Plaintiff indicated that she was flexible as to salary and primarily interested in a firm offer from AEG, but did ask if AEG would be able to go to $26 per hour.  AEG would later claim quite implausibly that they were too far apart on the issue of salary to continue negotiations.

AEG continued to initiate discussions as to terms, and never presented any kind of an offer to Plaintiff that indicated they intended to be bound if she accepted.  On or about March 1, 2021, Plaintiff was terminated from her position at AEG.  She was initially told by her supervisor that it was part of a reduction in force, and that "everyone is being let go."  Plaintiff is aware that no significant reduction in force took place, and that she was outperforming the employees that AEG retained.  When she asked her supervisor at Express why she had been terminated, her supervisor

at Express stated that she did not know.  Plaintiff received $22 per hour while working at AEG, was unemployed for approximately 3 weeks, and then found new employment at $19 per hour.

On or about May 17, 2021, counsel for Plaintiff sent a demand for her personal and payroll files to McMillan and Express, and did not receive them until July 21, 2021.

On September 27, Gamble brought suit against AEG, later adding Express, McMillan, and McLarens, LLC as defendants.  McMillan defaulted and Express was later dismissed without prejudice, leaving AEG and McLarens as active defendants.

## II.   LAW AND ARGUMENT

AEG and McLarens are both Plaintiff's joint employers.  California Code of Regulations Title 2 §11008(c)(5) provides:  "An individual compensated by a temporary service agency for work to be performed for an employer contracting with the temporary service agency is an employee of that employer for such terms, conditions and privileges of employment under the control of that employer."  A contracting employer is a temporary employee's joint employer where the contracting employer exercises direction and  control over the employee, and has the right to terminate the service at any time.  *See Jimenez v. U.S. Continental Marketing, Inc.* (2019) 41 Cal.App.5th 189, 197; *see also Vernon v. State of California* (2004) 116 Cal.App.4th 114, 125 (employment relationship based in part on authority to hire, transfer, promote, discipline or discharge the employee).  AEG hired Gamble, trained her, set her schedules, had full control over her work, offered her full time employment, and ultimately made the decision to terminate her.  After removing the case to federal court, AEG identified their parent company McLarens as a joint employer in their opposition to remand.  AEG explained that they are in fact operated from Georgia by McLarens on a day-to-day basis, and this includes human resources.  "In sum, all functions at AEG are overseen, directed, controlled, coordinated by individuals in Georgia and the United Kingdom who possess the authority to make the ultimate decisions affecting the day-to-day operations of AEG in California as well as strategic, long-term decisions impacting its trajectory and profitability in the California market."  (AEG Opposition to Remand at page 5, lines 23-27.)  (**Exhibit 1**)

AEG and McLarens terminated Ms. Gamble because of her race and/or ethnicity.  AEG's discovery of Ms. Gamble's background triggered a complete change in disposition on their part, resulting in AEG refusing to give her a full-time position with the company, and ultimately terminating her part-time employment.  Discrimination in hiring and employment constitutes a violation of the Fair Employment and Housing Act ("FEHA").  Government Code §12940(a) provides that it is unlawful for an employer, because of "race, religious creed, color, national origin, [or] ancestry … to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

Article I § 8 of the California State Constitution and Government Code §12940(a) prohibits discrimination on the basis of race.  Protecting employees from racial discrimination is a fundamental and substantial public policy, and one capable of supporting a claim of wrongful termination in violation of public policy.  *See Roberts v. Ford Aero. & Communications Corp.* (1990) 224 Cal.App.3d 793, 798.  Defendants terminated Plaintiff's employment on the basis of her race and/or ethnicity, in violation of state law and public policy.

Defendants refused to give Plaintiff a permanent position with AEG after initiating discussions about such a position, and eventually offered it to someone else roughly one week later.  They did so on the basis of Plaintiff's race and/or ethnicity.  This constitutes actionable behavior on their part.  *See Horne v. District Council 16 Internat. Union of Painters & Allied Trades* (2015) 234 Cal.App.4th 524, 533.

AEG has not only failed to provide any plausible explanation for why they took such action, they have actually provided three different rationales to date.  First, AEG claimed that there was a reduction in force.  This is what AEG told Gamble, and this is what AEG's human resources director Sally Litman told Counsel for Plaintiff on the phone on or about March 25, 2021.  After we informed AEG that we knew that wasn't true, Counsel for Plaintiff received a letter from Ms. Lizz Tubb, Counsel for McLarens, informing us that Plaintiff was let go because her contract ended, and because the parties were too far apart as to salary requirements for Defendant to hire Plaintiff.

(**Exhibit 2**)  Plaintiff did not have a contract for a fixed term with AEG.  Documents obtained from Express indicate that AEG's original explanation to Express was that AEG let Plaintiff go because of "personality reasons." (**Exhibit 3**)  AEG has thus provided no less than 3 separate and conflicting explanations for their behavior to date, and still refuses to commit to any one of them after a year and a half of litigation.  AEG also refuses to provide discovery of any kind to this point, including the critical background check that somehow came into their possession.

AEG's use of a background check to engage in discriminatory behavior creates additional bases for liability.  California Civil Code § 1786.16(a)(2)(C) states that an employer may seek an investigative consumer report for general employment purposes only where the prospective subject has given their written authorization for the report to be issued.  California Civil Code § 1786.16(b)(1) states that an employer may seek an investigative consumer report for general employment purposes only where the employer offers to provide the prospective subject with "a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared."  California Civil Code § 1786.40(a) states that when an employer makes an adverse employment decision on the basis of an investigative consumer report, the employer "shall so advise the consumer against whom the adverse action has been taken and supply the name and address of the investigative consumer reporting agency making the report."

At a minimum, Defendants took adverse employment actions against Plaintiff, failed to notify her, and failed to provide her with the name and address of the agency making the report. Defendants have entirely refused to explain how the report was obtained or provide a copy of it to Plaintiff.  California Civil Code § 1786.50(a) provides for either actual damages or $10,000, whichever is greater, and reasonable attorney's fees and costs as determined by the court.  California Civil Code § 1786.50(b) provides for punitive damages where the violation was willful, which is the case the here.

## III.   DAMAGES

As a result of Defendants' violations, Plaintiff seeks the following damages:

1.     Actual damages in the amount of **$15,600.00** [(3 weeks of lost pay at $22 x 40) + (108 weeks since termination x $120 lost income per week)].

2.     Damages for mental and emotional suffering in the amount of **$100,000.00**.

3.     Damages for the illegal background check in the amount of **$10,000.00**.

4.     Punitive damages under Civil Code § 1786.50(b) in the amount of **$750,000.00**. (*See Ford Aero., supra*, 224 Cal.App.3d at 796, affirming judgment of $750,000 in punitive damages for racially motivated termination.)

5.     Attorney's fees and costs under Civil Code § 1786.50(a) in the amount of **$108,120.90**.

## IV.    <u>CONCLUSION</u>

Defendants terminated Ms. Gamble and refused to offer her a permanent position on the basis of her race and/or ethnicity.  AEG and McLarens violated state law and fundamental state policy in the process.  Plaintiff is thus entitled to damages in the amount of no less than **$973,720.90**.

DATED: March 30, 2023       **THE GREEN LAW GROUP, LLP**

By:     _____
Scott Thomas Green
Kirk Rodby
Attorneys for Plaintiff

EXHIBIT 1

Hazel U. Poei (SBN 214928)
poeih@jacksonlewis.com
Sergio C. Ponce (SBN 320032)
sergio.ponce@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Attorneys for Defendant
AEG HOLDCO, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE GAMBLE,<br><br>        Plaintiff,<br><br>        vs.<br><br>AEG HOLDCO, LLC, a Delaware limited liability company dba AMERICAN ENVIRONMENTAL GROUP; ~~SALLY LITMAN~~; and DOES 1 through 50 inclusive,<br><br>        Defendants. | **CASE No.: 2:21-CV-08550-DSF(MRWx)**<br><br>[*Assigned to the Hon. Dale S. Fischer*]<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**<br><br>Date:      December 27, 2021<br>Time:     1:30 pm<br>Location:  First Street Courthouse<br>             350 West 1st Street,<br>             Courtroom 7D<br>             Los Angeles, CA 90012<br><br>Complaint Filed: September 27, 2021 |

**TO THE HONORABLE COURT AND TO PLAINTIFF RENEE GAMBLE AND HER ATTORNEYS OF RECORD:**

Defendant AEG HOLDCO, LLC ("AEG") hereby submits its Opposition to the Motion for Remand filed by Plaintiff RENEE GAMBLE ("Plaintiff").

## I. Introduction and Summary of Argument

Plaintiff argues that this action should be remanded to state court because of the lack of diversity jurisdiction. To the extent Plaintiff's arguments are based solely on the

presence of one Defendant – AEG – in this action, Plaintiff's Motion should be denied for the following reasons:

- Plaintiff's reliance on the Statement of Incorporation is erroneous. As indicated in AEG's removal papers, none of the members set forth in the Statement of Incorporation are members of AEG. The only member of AEG is McLarens Acquisition, Inc. ("MAI") which is incorporated in Delaware and has its principal place of business in Georgia. The only officer of MAI is and was a resident of the United Kingdom at the time of removal. Therefore, because MAI is a citizen of Delaware and Georgia, AEG is a citizen of Delaware and Georgia.

- Chris Stafford, one of the five (5) purported members of AEG listed on the Statement of Incorporation is a California resident. The other four (4) members are non-California residents. Chris Stafford submitted a declaration in connection with AEG's removal papers affirmatively stating that he has never been an officer, director or employee of AEG or participated in any of the operations of AEG. As such, even assuming any credence should be given to the Statement of Incorporation, diversity jurisdiction still exists because Chris Stafford has never been a member of AEG.

- AEG is incorporated in Delaware and maintains its principal place of business in Georgia. Legal and information technology functions for AEG are not based in California but are fielded through employees in the United Kingdom and Georgia, respectively. All of the high-ranking employees of AEG in California report to other individuals based in Georgia who have ultimate decision-making authority affecting the day-to-day operations of AEG in California as well as strategic, long-term decisions impacting its trajectory and profitability in the California market. Hence, the "nerve center" for AEG is in Georgia, not California.

To the extent Plaintiff's Motion is predicated on the addition of McMillan Enterprises (a California corporation) as a co-defendant, and to the extent the Court is inclined to permit the joinder of McMillan Enterprises as a defendant, AEG is not opposed to the Motion.

## II. Plaintiff's Reliance of AEG's Statement of Incorporation is Misplaced

As set forth in the Declaration of Elizabeth Tubb in support of AEG's Notice of Removal, AEG's Statement of Incorporation (Limited Liability Company) filed April 7. 2021 contains erroneous information which AEG and McLarens, Inc. ("McLarens") are in the process of rectifying. [Declaration of Elizabeth Tubb ("Tubb Decl."), ¶ 8].[1] The sole member of AEG is MAI which is a Delaware corporation with its principal place of business in Georgia. [Tubb Decl., ¶ 6]. As such, Plaintiff's reliance on the Statement of Incorporation is misplaced; and diversity jurisdiction exists.

Moreover, even assuming Plaintiff were to rely upon the Statement of Incorporation, Plaintiff impliedly admits that four (4) of the five (5) members of AEG are non-California residents. The fifth member, Chris Stafford, submitted a declaration plainly stating that he is not currently and never has been a member, officer, director or employee of AEG or participated in any of the operations of AEG. [Declaration of Chris Stafford ("Stafford Decl."), ¶ 3].[2] Plaintiff has no evidence to the contrary. Hence, because four (4) of the five (5) listed members are non-California residents and the fifth individual (a California resident) is listed erroneously on the Statement of Incorporation, diversity jurisdiction would still exist.

## III. McLarens Acquisition, Inc. Exists and Is a Delaware Corporation, Not a Georgia Corporation

Again, as set forth in the Declaration of Elizabeth Tubb, MAI is a Delaware corporation. [Tubb Decl., ¶ 6]. Contrary to Plaintiff's assertion, MAI exists. It was incorporated October 10, 2018 and remains a corporation in good standing effective

---

[1] The references to the Declaration of Elizabeth Tubb are to her declaration filed concurrently with AEG's Notice of Removal. [Doc. No. 1-3].

[2] The references to the Declaration of Chris Stafford are to his declaration filed concurrently with AEG's Notice of Removal. [Doc. No. 1-2].

Case No.: 2:21-CV-08550-DSF(MRWx)　　　　DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

January 25, 2021. [Supplemental Declaration of Elizabeth Tubb ("Supp. Tubb Decl."), ¶ 3 and Exh. "**A**" attached thereto].[3]

The Amended and Restated Limited Liability Company Agreement of AEG Holdco, LLC reflects that, as of March 13, 2019, Margaux Acquisition, Inc. ("Margaux") is the sole member of AEG. [Supp. Tubb Decl., ¶ 4 and Exh. "**B**" attached thereto]. Effective August 20, 2019, Margaux changed its name to MAI. [Supp. Tubb Decl., ¶ 5 and Exh. "**C**" attached thereto]. The only officer of MAI is Elizabeth Tubb who serves as corporate secretary. [Supp. Tubb Decl., ¶ 6]. At all relevant times, she has never resided in California and did not reside in California at the time this action was removed to federal court. [*Ibid*]. It is unclear what Plaintiff intends to imply by stating that MAI "appears to have no online presence whatsoever, nor any references made to it as an independent company by anyone else." [Motion, 3:24-27]. MAI is a holding company. [Supp. Tubb Decl., ¶ 7]. Hence, Plaintiff's statements implying otherwise are erroneous and inconsequential. The fact remains that MAI exists; it is a Delaware corporation in good standing; and its sole officer was not a California resident at the time of removal.

## IV. AEG Is a Citizen of Delaware and Georgia Because MAI Is a Citizen of Delaware and Georgia

For purposes of 28 U.S.C. § 1332, a limited liability company "is a citizen of every state of which its owners/members are citizens." The sole member of AEG is MAI. [Tubb Decl., ¶ 6]. MAI is incorporated in the State of Delaware and has its principal place of business in Norcross, Georgia, as set forth in the Declaration of Elizabeth Tubb. [*Ibid*]. MAI directs, controls, and coordinates its activities from Norcross, Virginia. [*Ibid*]. The sole officer of MAI is a non-California resident. [Supp. Tubb Decl., ¶ 6]. <u>Plaintiff has no evidence to the contrary.</u> Accordingly, because MAI is the sole member of AEG and it is a citizen of Delaware and Georgia, diversity jurisdiction exists.

---

[3] The Supplemental Declaration of Elizabeth Tubb is filed concurrently with this Opposition to Plaintiff's Motion for Remand.

## V. AEG is Incorporated in Delaware and Maintains Its Principal Place of Business in Georgia

Pursuant to 28 U.S.C. § 1332 (c)(1), a corporation is a citizen of any state in which it is incorporated in addition to the state where it maintains its principal place of business. The United States Supreme Court has specifically recognized that a corporation's "principal place of business" is its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

Here, Plaintiff does not dispute that AEG is incorporated in Delaware. Plaintiff is mistaken in arguing that AEG's principal place of business is in California because Jay Barkley ("Jay")(Chief Executive Officer), Kerriann Barkley ("Kerriann")(Director of Corporate Innovation), David Kudlinski ("Kudlinski")(Director of Operations), and Sally Litman ("Litman")(Human Resources Manager) all report to individuals who are based in McLarens' and MAI's headquarters in Georgia. Specifically, Jay, Kerriann, and Kudlinski all report directly to Steve Whitmarsh ("Whitmarsh")(Chief Operating Officer, McLarens) who is based in Georgia. [Supp. Tubb Decl., ¶ 8]. Litman reports directly to Gail Williams (US Senior Human Resources Manager) who is also based in Georgia. [Supp. Tubb Decl., ¶ 9]. Accounting and finance functions at AEG report into Robert Bennett who is based in Georgia. [Supp. Tubb Decl., ¶ 10]. AEG does not have its own legal staff; and all legal issues at AEG are fielded to Elizabeth Tubb who is based in the United Kingdom. [Supp. [Tubb Decl., ¶ 11]. Similarly, AEG does not employ a dedicated information technology staff; rather, those issues are reported into Adam Weiner who is based in Georgia. [Supp. Tubb Decl., ¶ 12]. In sum, all functions at AEG are overseen, directed, controlled and coordinated by individuals in Georgia and the United Kingdom who possess the authority to make the ultimate decisions affecting the day-to-day operations of AEG in California as well as strategic, long-term decisions impacting its trajectory and profitability in the California market. [Supp. Tubb Decl., ¶ 13]. Stated differently, the "nerve center" of AEG

Case No.: 2:21-CV-08550-DSF(MRWx)

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

is not in California, but Georgia and the United Kingdom. Plaintiff is clearly mistaken in accusing Elizabeth Tubb of committing perjury.

## VI. The Request for Permissive Joinder of McMillan Enterprises, and Correspondingly, to Remand to State Court Has Not Been Properly Briefed and Was Not Included in Plaintiff's Notice

Plaintiff's request for permissive joinder is not properly before this Court. It was not included in Plaintiff's Notice of Motion as a basis for remand. Fed. R. Civ. P. 7(b). On this ground alone, Plaintiff's request should be denied.

Moreover, by way of background, after Plaintiff's counsel notified Defendant's counsel that he intended to file a First Amended Complaint ("FAC") naming another defendant, Defendant's counsel inquired on October 25, 2021 as to when Plaintiff's counsel intended to file the FAC. [Supplemental Declaration of Hazel U. Poei ("Supp. Poei Decl."), ¶ 2 and Exh. "**J**" attached thereto].[4] Although Plaintiff's counsel responded on the same day, he never served a copy of the FAC on Defendant's counsel and never indicated what amendments were made to the original Complaint, much less that the FAC added McMillan Enterprises which is a California corporation. [Supp. Poei Decl., ¶ 3 and Exh. "**K**" attached thereto]. Accordingly, on October 25, 2021, AEG filed its Answer to the Complaint. [Supp. Poei Decl., ¶ 4]. On October 26, 2021, Defendant's counsel again asked Plaintiff's counsel for a copy of the FAC. [Supp. Poei Decl., ¶ 5 and Exh. "**L**" attached thereto]. Not having heard from Plaintiff's counsel by October 29, 2021 (thirty (30) days following the service of the Complaint), AEG removed based on diversity jurisdiction. [Supp. Poei Decl., ¶ 6]. Accordingly, not only is Plaintiff's counsel's recitation of the events inaccurate, his failure to provide proper notice precludes the request for permissive joinder from being granted. However, should the Court be inclined to grant Plaintiff's request to add McMillan Enterprises, AEG is not opposed to the addition of McMillan Enterprises and the request to remand.

---

[4] The Supplemental Declaration of Hazel U. Poei is filed concurrently with this Opposition to Plaintiff's Motion for Remand.

Case No.: 2:21-CV-08550-DSF(MRWx)    DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Dated:  December 6, 2021                     JACKSON LEWIS P.C.


                                     By: /s/ Hazel U. Poei
                                         Hazel U. Poei
                                         Sergio C. Ponce

                                         Attorneys for Defendant
                                         AEG HOLDCO, LLC

Case No.:  2:21-CV-08550-DSF(MRWx)                    DEFENDANT'S OPPOSITION TO
                                              PLAINTIFF'S MOTION TO REMAND

EXHIBIT 2

World Business Centre 1
Newall Road, London Heathrow
TW6 2AS  United Kingdom

Tel   +44 (0)20 8897 1066       www. mclarens.com
Fax   +44 (0)20 8897 0300



12th May 2021


Kirk Rodby
The Green Law Group
By email – kirk@thegreenlawgroup.com


Dear Mr. Rodby,

**Your client: Renee Gamble. Your file number:36344.00**

I refer to your letter dated 6th May 2021 and addressed to Jay Barkley, which has been passed to me to respond to as the Group General Counsel for all McLarens companies, including AEG. Please address any future correspondence to me.

Your letter contains many inaccuracies and untruths, for instance:

- While Sally Litman did ask a question about a number of different surnames your client had, this was purely to understand why, in a background search, your client had a number of different surnames. Once this was cleared up, no further issues on this point was raised. This is of course a reasonable request.
- We did discuss a potential job offer with your client, but salary expectations were very far apart, and no agreement could be reached. We did not make her an offer, either verbally or in writing. As no offer was made, it cannot have been withdrawn. The parties need to agree on terms.
- Your client was not terminated as an employee (as she was not one) but the contract AEG had to utilize services from Express Employment Professionals for this role, was ended. Express Employment Professionals were always the employer of your client.
- We did not refuse to hire, your client would not accept employment on the salary offered, therefore no job offer was made.
- We ended the contract with the agency as explained above, and not with your client, and that had nothing at all to do with race or national origin.
- We do not have any pay roll records as she was not an employee. You need to request these from the agency. We have explained this in earlier correspondence. We owe no money for failure to produce a personnel file which we clearly cannot produce and do not have.
- All attorneys' fees are for your client to pay – she has made vexatious and untrue allegations. We would also expect her to pay the costs of my time and those who have spent time on this matter.
- Your client has suffered no loss and damage. We will not consider any settlement to her.


We reserve the right to produce this letter in any court case that you or your client may bring and to hold your client responsible for all legal costs in relation to our defense.

Yours sincerely,

Liz Tubb | McLarens
**Group General Counsel**
liz.tubb@mclarens.com
**+44 7841338326** | mobile

www.mclarens.com



EXHIBIT 3

███████

**From:**
**Sent:** ███████ Tuesday, June 22, 2021 11:26 AM
**To:** ███████
**Subject:** Renee Gamble

AEG

████████ was her ES at the time, as well as the contact for the client.
However, what I know about the situation is that AEG was dissatisfied because of personality reasons. Apparently, Renee was very difficult to work with, created issues with other employees at the company and consistently pestered and demanded things of them that were above the realm of the position – such as regularly bringing up her pay rate and pushing for more money.

████████ | **Employment Specialist – Office Services**
600 Hampshire Rd. Ste.100 | Thousand Oaks, CA 91361
Office: (805) 418-1111 | ████████@expresspros.com
LinkedIn: https://www.linkedin.com/in/████████

DOWNLOAD THE
2021 COMPENSATION
REPORT TODAY!

*Express*
EMPLOYMENT PROFESSIONALS

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF VENTURA

I am employed in the County of Ventura, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 1777 E. Los Angeles Ave., Simi Valley, California 93065

On March 30, 2023, I served the foregoing document described as:  **PLAINTIFF'S MANDATORY SETTLEMENT CONFERENCE STATEMENT** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒        **BY ELECTRONIC TRANSMISSION ONLY** - Pursuant to Code of
        Civil Procedure 1010.6 and California Rules of Court 2.256, I affected electronic
        service of the documents indicated by transmitting an electronic PDF version of
        the document(s) sent to the e-mail address indicated above.  No electronic message
        or other indication that the transmission was unsuccessful was received within a
        reasonable time after transmission.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on March 30, 2023 at Simi Valley, California

_____
**Peter Rodby**

- 1 -

# SERVICE LIST

## RENEE GAMBLE v. AEG HOLDCO, LLC
### Case No.: 21VECV01290

| | |
|---|---|
| Hazel U. Poei, Esq.<br>**Jackson Lewis P.C.**<br>200 Spectrum Center Drive, Suite 500<br>Irvine, CA 92618<br>Tel: (949) 885-1360; Fax: (949) 885-1380<br>poeih@jacksonlewis.com<br><br>*Attorneys for Defendants,*<br>*AEG Holdco, LLC and McLarens, LLC* | Sergio C. Ponce, Esq.<br>**Jackson Lewis P.C.**<br>725 South Figueroa Street<br>Suite 2500<br>Los Angeles, CA 90017<br>Tel: (213) 689-0404; Fax: (213) 689-0430<br>sergio.ponce@jacksonlewis.com<br>JOANNE.BOYD@JACKSONLEWIS.COM<br><br>*Attorneys for defendants,*<br>*AEG Holdco, LLC and McLarens, LLC* |
| Nora K. Stilestein, Esq.<br>Morgan P. Forsey, Esq.<br>Shayla M. Griffin, Esq.<br>**Sheppard Mullin Richter & Hampton**<br>333 South Hope Street, 43rd Floor<br>Los Angeles, CA 90071-1422<br>Tel: (213) 620-1780<br>nstilestein@sheppardmullin.com<br>mforsey@sheppardmullin.com<br>smgriffin@sheppardmullin.com<br><br>*Attorneys for Defendant,*<br>*Express Services, Inc.* | |

- 2 -