UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   HON. CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. 23-cv-00040 |
| FORTUNE ENERGY, INC. | ) |
| D/B/A FORTUNE ENERGY | ) |
| AND/OR FORTUNE ENERGY | ) |
| WHOLESALE LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## STIPULATED PROTECTIVE ORDER

Plaintiff, the United States, and defendant Fortune Energy, Inc. d/b/a Fortune Energy and/or Fortune Energy Wholesale LLC ("Fortune"), by their respective counsel, do hereby jointly stipulate and agree to this protective order, subject to the approval of this Court, pursuant to Rule 26(c), Rules of the United States Court of International Trade, restricting the disclosure of trade secrets, personally identifiable information, or other confidential research, development, or commercial information, which will be supplied in this proceeding.

WHEREAS, discovery in this action may involve the disclosure of confidential, trade secret, or other proprietary business or financial information of a party or non-party, or confidential information of the United States Government; and

WHEREAS, plaintiff, the United States, and defendant, Fortune, all represented by and through their respective counsel, agree that it would facilitate the parties' discovery to produce any such confidential information under a Protective Order pursuant to Rule of the Court of

International Trade (USCIT R.) 26(c), and have stipulated and agreed to the terms of paragraphs 1 through 34 of this Order; and

WHEREAS, the United States and Fortune respectfully request that the Court enter this Protective Order pursuant to USCIT R. 26(c)(1) governing the use of information and documents produced in this case, the terms of which are set forth in this Order, and good cause therefore having been shown, now therefore it is ORDERED as follows:

<u>**Definition of Confidential Information**</u>

1.   "Confidential Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information: (a) is not in the public domain, or if in the public domain, is improperly in the public domain; and (b) is a trade secret or other confidential research, development, or commercial information as such terms are used in USCIT R. 26(c)(1)(G); (c) personal financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to USCIT R. 5.2; (d) is information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a.

<u>**Purpose of Protective Order**</u>

2.   This Protective Order shall govern the use and dissemination of all documents, material, or information designated as Confidential Information in accordance with the terms of this Protective Order.

3.   This Protective Order is not intended to address or govern claims of privilege or work product that may otherwise be asserted by any of the parties.    This Protective Order is not intended to govern the discoverability of any information under the Rules of the Court.    This Protective Order is not intended to address or govern documents, material, or information that

2

are prohibited from disclosure or nondisclosure by law, including without limitation, any statute, rule, order, or regulation.   This Protective Order does not restrict in any manner a party's use of its own Confidential Information.

4.   This Protective Order does not relieve any party of its obligations to respond to otherwise proper discovery in a timely fashion.   Nothing contained in this Protective Order, or any action taken pursuant to it, shall waive or impair the right of any party to contest the alleged relevancy, admissibility, or discoverability of documents or information sought or produced in discovery.   This Protective Order shall not preclude any party from seeking or obtaining additional protection or seeking relief from the Protective Order with respect to any documents, materials, or information where necessary.   The producing party shall act in good faith in designating discovery material as confidential pursuant to this Protective Order.

## Designation and Treatment of Confidential Information

5.   Any party or other person who produces or supplies information, documents, or other material in this case may designate as "Confidential Information" any information, document, or material that meets the definition of "Confidential Information" set forth in Paragraph 1 of this Protective Order.   A party may designate as Confidential Information any documents, information, or material produced by the other party or third parties in this case if such information meets the definition of "Confidential Information" set forth in Paragraph 1 of this Protective Order and is not excluded by Paragraph 13 of this Protective Order.   Hereinafter, for the purposes of rights and duties under this Protective Order, parties designating information, documents, or other material in this case as confidential, when referred to singular, are being referred to as "Designating Party."

3

6.    In the event that a non-party produces or discloses information for purposes of this litigation, that non-party may agree to be bound by the terms and conditions of this Protective Order and shall so state in writing.    In that case, the non-party may designate documents and information as Confidential Information, and the parties hereto shall abide by the terms herein with respect to such information.

7.    The designation "Confidential Information" shall be made by affixing on the document or material containing such information the following words: "PROTECTED, SUBJECT TO PROTECTIVE ORDER." Any material, document, or information for which it is impracticable to affix such a legend may be designated by written notice to that effect, served within five (5) business days of the material's production, with a reasonable description of the material in question.

8.    A party that produces documents in electronic form in native format may insert the phrase "PROTECTED, SUBJECT TO PROTECTIVE ORDER" and a bates or hash number into the document.    The parties reserve the right to agree to other means to designate Confidential Information produced in electronic form or to ask the Court to permit designation of such documents in another manner.

9.    Neither the designation nor the failure to object thereto shall be construed in any way as admission or agreement by any party that the designated information constitutes or contains Confidential Information as to which the Disclosing Party is entitled to any protection or rights under applicable legal principles, except as provided in this Protective Order.

10.    In the event that a Designating Party makes documents or materials available for inspection, rather than delivering copies to another party, no marking need be made in advance

4

of the initial inspection.    For purpose of initial inspection, all documents made available for

inspection shall be considered Confidential Information.    Upon production of the inspected

documents, the Designating Party shall designate in writing within five (5) business days of

production which of the produced or copied documents and materials are or contain Confidential

Information.

11.    All persons having access to Confidential Information shall maintain it in a safe and

secure manner to ensure compliance with this Protective Order.    This Protective Order applies

to all vendors including, without limitation, any copy service, document storage companies, or

electronic discovery vendors.    It is the responsibility of the counsel of record to take reasonable

steps to ensure that all vendors comply with this Protective Order.

12.    Any summary, extract, paraphrase, quotation, restatement, compilation, notes, or

copy containing Confidential Information, or any electronic image or database containing

Confidential Information, shall be subject to the terms of this Protective Order to the same extent

as the document, material, or information from which such summary, extract, paraphrase,

quotation, restatement, compilation, notes, copy, electronic image, or database is derived.    This

paragraph is not intended to provide confidential treatment to motions, briefs, or other

Court-filed documents that are based generally on information contained in confidential

materials, unless such motions, briefs, or court filings make specific reference to Confidential

Information.

13.    This Protective Order shall not protect from disclosure or permit the confidential

designation of any document, information or material that: (a) the party has not made reasonable

efforts to keep confidential; (b) has been produced in any other action or proceeding without

confidentiality protection, except inadvertently produced documents; (c) has been lawfully

obtained by and from another source; or (d) has been denied confidential treatment in any other

action or proceeding by a final Court order.

### Limitations on Use of Confidential Information

14.   Confidential Information shall only be used by the parties and their counsel for

prosecution and defense of this case, including any appellate proceedings.    With the exception

of the potential use specified in the next paragraph of this Protective Order or in connection with

any other case later filed with the United States Court of International Trade as a case directly

related to this case, Confidential Information shall not be used or disseminated in any other

cases, actions, or proceedings.   Confidential Information shall not be used for any other purpose

whatsoever including without limitation commercial, publicity, business, marketing, competitive,

or personal purposes without prior written approval by the Designating Party or Order of the

Court.   Bates numbers, hash numbers, and confidentiality designations placed on a document by

the Designating Party shall not be removed or altered.

15.   Nothing contained in this Protective Order shall prevent or in any way limit or

impair the right of counsel for the United States to disclose to any agency of the United States

(including other divisions and branches of the Department of Justice) any document or

information regarding any potential violation of law or regulation or, subject to procedures that

maintain the confidentiality of Confidential Information consistent with this agreement and

protective order, prevent or limit in any way the use of such documents and information by an

agency in any proceeding regarding any potential violation of law or regulation.

### Limitations on Disclosure of Confidential Information

16.    No Confidential Information may be disclosed except: (a) as expressly authorized by this Protective Order; or (b) with the prior written consent of the Designating Party.

17. Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

a.   Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

b.   Current personnel of the Parties who are assisting with respect to this Action;

c.   Any person with prior authorized access to the Confidential Information;

d.   Current employees of the Producing Party;

e.   Witnesses, potential witnesses, and deponents, including their counsel;

f.   Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

g.   Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

h.   Retained expert witnesses and consultants;

i.   Mediators or arbitrators; and

j.   This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this

Action.

18. Confidential Documents may be shown to persons referenced in section 17(h) (consultants and experts) who are assisting in the preparation of this action on the condition that, before disclosing any confidential information, the disclosing party obtain (1) a signed certification from the consultant or expert stating they are not affiliated with any manufacturer or vendor of competitive merchandise, and (2) an agreement in writing to be bound by the provisions of this Protective Order (in the form of Exhibit A hereto).   Confidential Documents may be shown to third party consultants and experts who are affiliated with manufacturers or vendors of competitive merchandise only with prior written consent of the party that produced the confidential information, or upon order of the Court.   For the purposes of this paragraph, the term "affiliated" shall be construed to mean a person currently employed or contractually obligated with/to a manufacturer or vendor of competitive merchandise.

19.   If a party or other person is in possession, custody, or control of documents or material, the content of which has been designated as Confidential Information, receives a subpoena, record request, or order for production of Confidential Information (collectively, "Subpoena"), that party or person shall immediately notify the Designating Party and, at a minimum, shall provide the Designating Party ten (10) day notice prior to any required production.   The party or other person to whom the Subpoena is directed shall not disclose Confidential Information before the production date set forth in the Subpoena and shall seek an extension of time to comply with any Subpoena when necessary to provide the required ten (10) day notice to the Designating Party, as set forth above.

## Depositions Involving Confidential Information

20.    Depositions, or portions thereof, may be designated Confidential Information by counsel for the deponent or the Designating Party.    Designation of Confidential Information may be made on the record at deposition or in writing no later than thirty (30) days after receipt of the final, unsigned deposition transcript.

21.    No persons, other than persons authorized to receive access to Confidential Information, may attend, review the transcripts of, or view the video records of any portion of a witness deposition during which Confidential Information is shown or discussed.

### Filing or Use of Confidential Information as Evidence

22.    Confidential Information shall not be filed with the Court except as required in connection with a motion or other matter pending before the Court.    If filed, such Confidential Information shall be filed under seal and shall remain sealed so long as it retains its status as Confidential Information.    Counsel for each of the parties is responsible for taking reasonable steps to ensure Confidential Information is filed under seal. Those portions of documents which are not confidential will not be restricted by this Protective Order, and the parties, in their publicly filed pleadings, publicly filed briefs, or other publicly filed submissions, may quote, reference or summarize non-protected and other non-confidential information contained in a document containing both non-confidential and confidential information, without redaction.

23.    Subject to the Federal Rules of Evidence, Confidential Information may be offered as evidence at trial, subject to any restrictions the Court may order or apply to protect the Confidential Information from unauthorized disclosure.    A Designating Party may move the Court for an order that any evidence designated as Confidential Information shall be received at trial in camera or under other conditions necessary to prevent disclosure to third parties.

Nothing in this Protective Order shall be deemed to waive the right of any party to object to the admission into evidence of any information covered by this Protective Order.

## Objections to Designation of Confidential Information

24.   If a dispute arises concerning the designation of any Confidential Information, the parties agree that they shall first take reasonable steps to meet and confer in good faith to resolve any dispute on an informal basis before seeking the Court's intervention.

25.   If the parties cannot informally resolve any dispute regarding whether particular information is properly designated as Confidential Information under this Protective Order, a party may apply to or move the Court for an in camera determination or Order that Confidential Information is not entitled to such designation status and protection from disclosure.   The Designating Party shall be given notice of the application or motion and a reasonable opportunity to respond.   Material designated as Confidential Information prior to any such challenge shall be treated as such by the parties until further order of the Court has determined or ordered otherwise.   The burden rests on the Designating Party to demonstrate that the designation is proper.

## Preservation of Confidentiality

26.   Counsel for the parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, distribution of, or access to Confidential Information.

27.   This Protective Order is not a waiver or relinquishment of a party's confidentiality claim to any designated materials.   This Protective Order also shall not abrogate or diminish

any privilege or any contractual, statutory, or other legal obligation or right of any party with respect to materials sought or produced.

28.    The inadvertent, unintentional, or in camera disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality.   The parties agree to meet and confer in good faith to resolve any disputes as to whether a party has waived its claim of confidentiality.   Any dispute over whether the Designating Party has waived its claim of confidentiality shall be resolved in accordance with the procedures set forth in paragraphs 24 to 25 (Objections to Designation of Confidential Information) and any applicable case law.

29.    In the event that a party inadvertently fails to designate materials or information as Confidential Information under this Protective Order, the Designating Party may designate materials or information as Confidential Information by providing written notice to the other party and by producing a copy of the material or information with the confidential designation required by this Protective Order.   Such written notice must be provided within fifteen (15) days of the discovery of the inadvertent failure to designate.   Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim of confidentiality when such claim is timely asserted in writing within fifteen (15) days of the discovery of the inadvertent failure to designate.

30.    Upon receipt of the written notice described in the preceding paragraph 29, the receiving party shall thereafter treat such material or information as Confidential Information under this Protective Order.   If the receiving party disclosed the material or information before receiving notice, the party must take reasonable steps to retrieve it, but the receiving party shall

not be deemed to have breached this Protective Order for disclosure(s) of the material or information prior to receiving the written notice of inadvertent failure to designate.

31.     If counsel for any party to this Protective Order finds it necessary to refer to Confidential Information in any oral proceeding before this Court, such counsel shall notify the Court and all other counsel of record as soon as the necessity becomes apparent and propose whatever mechanism which may be available and appropriate to prevent disclosure of confidential information to persons other than those authorized by this Protective Order.

### Non-Termination of Confidentiality

31.     Any information or documents designated as Confidential Information pursuant to the terms of this Protective Order shall continue to be treated as such until such time as: (a) the Designating Party expressly agrees in writing that the information, documents, testimony, or materials are no longer to be designated confidential; or (b) the Court finds and orders that such information or documents are not protected from disclosure under this Protective Order.   Upon a Court order or finding that documents or information previously designated as Confidential Information are not protected from disclosure under this Protective Order or the Designating Party's agreement in writing that documents or information previously designated as Confidential Information no longer constitute Confidential Information, the Designating Party shall reproduce the document or information at issue without any confidential designation and with a bates or hash number different from the document or information originally designated as Confidential Information.

12

32.    The obligations and protections imposed by this Protective Order shall continue beyond the conclusion of this case, including any appellate proceedings, or until the Court orders otherwise.

### Modification of Protective Order

33.    Any party may petition the Court, on reasonable notice to all other parties, for a modification of the terms of this Protective Order.    The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this case.

### Applicability of Protective Order Prior to Court's Entry

34.    Material designated as Confidential Information and produced by any party prior to the entry of this Protective Order by the Court shall be subject to the provisions of this Protective Order to the same extent as if such Protective Order had been entered by the Court as of the date such material was produced.


SO ORDERED on this _____ day of _____, 2023.



_____
HON. CLAIRE R. KELLY, JUDGE

13

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By: /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:                                    /s/ Augustus Golden
EDWARD GREENWALD                               AUGUSTUS GOLDEN
Office of the Assistant Chief Counsel          Trial Attorney
U.S. Customs and Border Protection             Department of Justice, Civil Division
                                               Commercial Litigation Branch
                                               Civil Division
                                               U.S. Department of Justice
                                               P.O. Box 480
                                               Ben Franklin Station
                                               Washington, D.C.   20044
                                               Telephone:    (202) 507-6089
                                               Facsimile:    (202) 307-0972
                                               Augustus.J.Golden@usdoj.gov

                                               *Attorneys for Plaintiff United States*

                                               /s/ Leah S. Schoen
                                               SIMRAN S. TIWANA
                                               LEAH S. SCHOEN
                                               The Green Law Group
                                               1777 E Los Angeles Avenue
                                               Simi Valley, CA 93065
                                               Phone: (805) 306-1100
                                               Fax: (805) 306-1300
                                               Email: simran@thegreenlawgroup.com
                                               leah@thegreenlawgroup.com

                                               *Counsel for Defendant, Fortune
                                               Energy, Inc.*

May 31, 2023

14

**EXHIBIT A**

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 23-cv-00040 |
| FORTUNE ENERGY, INC. | ) | |
| D/B/A FORTUNE ENERGY | ) | |
| AND/OR FORTUNE ENERGY | ) | |
| WHOLESALE LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION**

1. My name is_____

2. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me.   I understand the provisions of the Protective Order, and agree to comply with and to be bound by its provisions.   I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of _____ by _____
                                                                          (Print Name)

Signed_____

15